**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eleazar LOPEZ–TREJO, Defendant–Appellant.**

No. 01–55089.

D.C. No. CR–00–02827–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Eleazar Lopez–Trejo appeals from his conviction following a conditional guilty plea to transportation of illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo, *see United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 751, 151 L.Ed.2d 740 (2002), and we affirm.

Lopez–Trejo contends that the district court relied on improper factors in deter-

---

courts of this circuit except as may be provided by 9th Cir. Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Lopez–Trejo's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

mining that the Border Patrol agent had reasonable suspicion sufficient to stop Lopez–Trejo's vehicle. We must review a reasonable suspicion question by considering the totality of the circumstances in light of the agent's specialized training and experience. *See id.* at 752. We conclude that the anonymous tip and the agent's subsequent observations provided reasonable suspicion of criminal activity. *Compare id.* (officer's experience and totality of the circumstances supported reasonable suspicion), *with United States v. Morales,* 252 F.3d 1070, 1077 (9th Cir.2001) (district court properly found that an unconfirmed tip alone did not provide reasonable suspicion of criminal activity).

**AFFIRMED.**